JOHN S. ARMSTRONG, appellant, *v.* FRANCIS H. COOLEY *et al.,* appellees.

*Appeal from La Salle.*

It is not necessary, in order to maintain an action for damages for the destruction of stacks of grain and hay by reason of a fire set out by the defendant, that the plaintiff should be the owner of the freehold where such stacks were standing.

If a fire be set out in the prairie by a servant under the direction of his master, the latter is responsible for all of the consequences resulting from it, and he cannot shield himself from such responsibility by showing that his instructions were not strictly pursued by his servant in doing the illegal act. Even when the act is legal, he is responsible for the manner of its performance, if done in the course of his employment, and not in wilful violation of his instructions.

TRESPASS ON THE CASE in the La Salle Circuit Court, brought by the appellees against the appellant, for damages occasioned by setting out a fire on the prairie, heard before

the Hon. John D. Caton and a jury, at the November term 1847.

The substance of the pleadings in the case is stated in the Opinion of the Court.

During the progress of the trial, the plaintiffs below asked, among other instructions, the following, which was given: "4. That if the jury believe from the evidence that Armstrong gave directions to McCawley and Austin to set out the fire that consumed the plaintiff's stacks, and the fire was set out by them in pursuance of these directions, and would not have been set out if directions had not been given by Armstrong, that Armstrong is liable for the damage done plaintiffs, although McCawley and Austin may not, in all respects, have followed Armstrong's directions."

The defendant asked that the following instruction be given to the jury, which the Court refused to give: "1. If the jury believe from the evidence that the fire was set out by Austin and McCawley with the wind in a different direction from the direction Armstrong told them to set it with, then that Armstrong is not responsible for their acts."

The jury returned a verdict of guilty, and assessed the plaintiff's damages at $215·75, upon which verdict the Court rendered a judgment.

J. C. Champlin, for the appellant, submitted the cause on his part without argument.

A. Hoes, for the defendants in error, submitted the following brief:

I. The matters alleged in the plea, if true, do not constitute a full defence to the causes of action set forth in the second, third and fourth counts, which the plea professes to answer. 6 Comyn's Dig. 103–4–5; 1 Chitty's Pl. 543–4.

II. The second assignment of errors cannot be sustained because—

First. The exception taken was general to all of the instructions on the part of the plaintiff, and the defendant failed

to specify the particular instructions to which he intended to except as erroneous.

*Second.* The instruction is not erroneous, but lays down the law, as applicable to the case under consideration correctly. *Joel* v. *Morrison*, 25 Eng. Com. Law R. 511; *Sleath* v. *Wilson*, 38 do. 249; 19 Wend. 343.

III. The third assignment of errors cannot be sustained because—

*First.* The instruction asked was erroneous, and had a tendency to mislead the jury.

*Second.* The third instruction given on the part of the defendant in the Court below, covered the whole ground, and lays down the law correctly, if this case is to be considered as standing on the same footing as if Austin and McCawley had been employed in the transaction of lawful business. *Bland* v. *The People*, 3 Scam. 366; *Hays* v. *Borders*, 1 Gilm. 46–66.

IV. The fifth assignment is embraced in the first, second, and third.

All the evidence is not inserted in the bill of exceptions, and the only questions that can arise are upon the instructions and the demurrer to the plea of *liberum tenementum*.

V. The act of setting out the fire being an unlawful act, Armstrong is responsible as a joint wrong doer, and it is not necessary that the relation of master and servant should exist in order to charge him. Rev. Stat. 179, § 158 ; *Whitney* v. *Turner*, 1 Scam. 253.

The Opinion of the Court was delivered by

TREAT, C. J. The plaintiffs by their declaration claim to recover damages for the destruction of certain stacks of grain and hay by reason of a fire set out in the neighborhood by the defendant. The second plea avers, that the land on which the stacks were standing was the freehold of the defendant, and not of the plaintiffs. The Court sustained a demurrer to the plea, and that decision is assigned for error. The plea is no answer to the declaration. The dec-

laration proceeds not on the ground of an injury to the freehold, but for an injury to personal property standing thereon. The plaintiffs may well have been the owners of the personalty, and entitled to damages for its destruction, without having any interest in the realty.

The Court committed no error either in giving the fourth instruction asked by the plaintiffs, or in refusing the first instruction asked by the defendant. If the fire was set out by McCawley and Austin in pursuance of the directions of the defendant, he is responsible for all of the consequences resulting from it. Nor can he shift the responsibility by showing that they did not strictly pursue his instructions. If the destruction of the property was caused by his directions, he must compensate the injured party. If the master instructs his servant to do an illegal act, he is liable for the consequences, although the servant in doing the act does not strictly adhere to his commands. Even when the act is lawful, he is responsible for the manner of its performance, if done in the course of his employment, and not in wilful violation of his instructions. *Johnson* v. *Barber,* (*ante,* 425.)

The bill of exceptions does not purport to contain all of the evidence. We cannot, therefore, pass on the propriety of the finding of the jury, or the decision of the Court refusing to grant a new trial.

The judgment of the Circuit Court is affirmed with costs.

*Judgment affirmed.*